UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LINDA TERRY                                           CIVIL ACTION

VERSUS                                                NO. 13-128-SDD-RLB

PROMISE HOSPITAL OF
ASCENSION, INC.

## ORDER

Before the court is a Motion to Compel a Mental Examination of Plaintiff (R. Doc. 21) filed by Defendant Promise Hospital of Ascension, Inc. ("Promise Hospital") on March 21, 2014. Defendant also filed a Motion for Expedited Consideration (R. Doc. 22). The Motion to Compel is opposed (R. Doc. 24). A telephone conference regarding the Motion to Compel was held on March 24, 2014.

## I.     Background

In her amended complaint, Plaintiff alleges that her former employer, Promise Hospital, has violated her rights under Title VII of the Civil Rights Action of 1964, the Americans with Disabilities Act (ADA), the Louisiana Employment Discrimination Act, and the Family Medical Leave Act (FMLA). (R. Doc. 15, ¶¶24-27). Plaintiff alleges, among other things, that her termination was motivated by discriminatory animus based on her race and/or treatment for depression. (R. Doc. 15, ¶21). Plaintiff alleges that certain racial slurs made against her, coupled with the feeling of being wrongfully singled out for reprimand by her superiors, caused her "to experience severe anxiety and depression." (R. Doc. 15, ¶19). Plaintiff alleges that this wrongful conduct of the defendant caused her to be "admitted to the psychiatric unit of Our Lady of the

Lake Regional Medical Center" over a six day period.  In her listing of claimed damages, Plaintiff seeks recovery for the following:

> a.  front-pay, including benefits;
> b.  mental anguish;
> c.  humiliation/embarrassment;
> d.  loss of enjoyment of life;
> e.  medical expenses;
> f.  punitive damages;
> g.  prejudgment interest;
> h.  attorney's fees;
> i.  costs of these proceedings;
> j.  and all other relief that [may] be appropriate under the law.
>
> (R. Doc. 15, ¶28)

Defendant requested that the Plaintiff undergo an IME in New Orleans, LA with Dr. John Thompson. (R. Doc. 21-1 at 2).  This IME was scheduled to take place on March 21, 2014 at 10:00am.  *Id.*  The "purpose of the examination will be to determine the state of Plaintiff's mental condition before, during and after her employment with Defendant, the extent of the emotional trauma, if any, she has suffered, whether she continues to suffer any emotional trauma, potential causes of such emotional trauma unrelated to the incidents alleged against Defendant, and whether and to what extent any such emotional trauma may have affected her ability to mitigate her damages." (R. Doc. 21-1 at 5). Defendant further represents the scope of the examination as consisting of "a clinical psychiatric interview including a personal and social history, educational and work history, medical history (including psychiatric history), and an evaluation of the events which Plaintiff claims were the cause of her emotional injury.  The interview may also involve a mental status examination to evaluate Plaintiff's affect, mood, speech, thought process, memory, sensorium, orientation, and other mental functions.  The examination shall involve only interviewing by Dr. Thompson and related tests." *Id.*  The IME is anticipated to last approximately 4 hours. *Id.*

2

On March 21, 2014, at 10:00am, Plaintiff and her attorney appeared at Dr. Thompson's office for the scheduled and agreed upon IME. (R. Doc. 21-1 at 2). Upon Plaintiff counsel's insistence to be present in the examination room during the exam, Dr. Thompson informed counsel that he did not permit legal advocates for either side to be present. *Id.* Plaintiff and her attorney left Dr. Thompson without allowing the IME to take place. *Id.* In an attempt to resolve this without court intervention, Defendant's counsel advised that Defendant would have no objection should Plaintiff wish to designate her own expert to conduct an exam, despite the deadline within which to do so having expired. *Id.* This did not resolve the dispute.

Defendant now asks the court to order Plaintiff to undergo an IME. Dr. Thompson is available to conduct the IME on March 26, 2014 at 9:00am.

## II.     Law and Analysis

Federal Rule of Civil Procedure 35 provides that a court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" when the mental or physical condition of that party is in controversy. Fed. R. Civ. P. 35(a)(1). The court may issue such an order "on motion for good cause and on notice to all parties and the person to be examined" which specifies "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *Id.* at 35(a)(2). To demonstrate entitlement to conduct the IME, a party must satisfy two criteria. First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id.* at 118. A plaintiff "who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant

with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119 (internal citation omitted); *see also McClanahan v. Transocean Offshore Intern. Ventures Ltd.*, Civ. Action No. 05-2099, 2006 WL 2989243 *2-3 (W.D. La. Oct. 19, 2006) (citing cases).

Additionally, Rule 35(a) is generally construed liberally in favor of granting discovery. *Barcia v. ENI U.S. Operating Co., Inc.*, Civ. Action No. 05-4501, 2006 WL 1236053 (E.D. La. May 4, 2006) (citing *Grossie v. Florida Marine Transporters, Inc.*,Civ. Action No. 04-0699, 2006 WL 2547047 *2 (W.D. La. Aug. 31, 2006)). In this case, there is no question that the mental condition of the Plaintiff is in controversy and that good cause exists for an IME. Plaintiff has alleged that the conduct of the Defendant caused her to enter a psychiatric institution. (R. Doc. 15). She also specifically seeks damages for "mental anguish." *Id.*

Likewise, Plaintiff has not challenged Dr. Thompson or provided any argument that he is not a "suitably licensed or certified examiner" as contemplated by Rule 35. Finally, Plaintiff has informed the court that she "does not object to submitting to a medical examination" by Defendant's expert at his office in New Orleans. (R. Doc. 24 at 1). Plaintiff's counsel repeated this position in the telephone conference with the court on March 24, 2014, affirming that the only issue is whether counsel may be present during the IME.

Therefore, the remaining issue is whether the court should order the IME to take place without Plaintiff's attorney or any other third party present. Courts generally will not permit observers at a physical or mental examination under Rule 35 of the Federal Rules of Civil Procedure. *Haensel v. Chrysler Corp.*, Civ. No. 96-1103, 1997 WL 537995 (E.D. La. Aug. 25, 1997) (not an abuse of discretion to order that plaintiffs are not entitled to have their counsel or psychologist present during the psychiatric examination); *Ferrell v. Shell Oil Co.,* Civ. No. 95-

0568, 1995 WL 688795, at *2 (E.D. La. Nov. 20, 1995) ("weight of authority in the federal courts prohibits counsel for the examinee from attending Rule 35 examinations."). "A majority of cases hold that a psychiatric examination is not an adversarial proceeding and that a plaintiff is not entitled to have her attorney or her own physician present." *Jackson v. Entergy Operations. Inc.*, Civ. No. 96-4111, 1998 WL 28272, at * 1 n.1 (E.D. La. Jan. 26, 1998) (citing 8A C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* §2236, at 501 (1994)).  As one court has explained, "[t]hird party observers may, regardless of their good intentions, contaminate a mental examination." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609-10 (C.D. Cal. 1995).

The court also finds that there are no other compelling reasons to allow plaintiff's attorney to be present during the exam.  The examination at issue is not an invasive procedure and Dr. Thompson does not propose to use unorthodox or potentially harmful techniques in the examination.  *See Duncan v. Upjohn Comp.*, 155 F.R.D. 23, 27 (D. Conn. 1994) (no need for third party physicians to be present where exam techniques are not unorthodox or potentially harmful).  In addition, Plaintiff is 57 years old according to the Amended Complaint and there is nothing to indicate that she is incapable of participating in the IME without assistance.  In the telephone conference, Plaintiff's counsel represented to the court that Plaintiff spoke English and had no difficulty communicating.

In support of her position, Plaintiff states that she "is distrustful of the defendant's paid expert" and "will be put at greater ease during the exam if her attorney is present." (R. Doc. 24 at 2).  Plaintiff is also concerned that an unsupervised exam could be conducted in a biased fashion or otherwise exceed the limits of the court-ordered exam.  Plaintiff provides no specific reasons for these concerns or any prior knowledge of Dr. Thompson upon which her distrust is based.

5

The court finds, therefore, that these general concerns, which would be present in every case, are insufficient to justify the relief requested.  Cross examination by Plaintiff provides an adequate safeguard against any perceived bias on the part of Dr. Thompson and any exam that goes beyond the scope of what is permitted may not be allowed into evidence.  *Shirsat v. Mutual Pharmaceutical Co., Inc.*, 169 F.R.D. 68, 71 (E.D. Penn. 1996) ("plaintiff will be able to underscore, through cross-examination, the weaknesses of the defendant's psychiatrist's testimony that should discredit its believability.").

For these same reasons, the court rejects Plaintiff's alternative proposal that a tape recorder be allowed into the examination.  Courts have held that the same concerns regarding an unparticipating observant still exist with a recorder or court reporter present.  *Douponce v. Drake*, 183 F.R.D. 565, 567 (D. Colo. 1998) ("tape recording will not be permitted at plaintiff's independent medical examination.").  "[A]n observer, court reporter, or recording device, would constitute a distraction during the examination and work to diminish the accuracy of the process." *Shirsat*, 169 F.R.D. at 70-71.

### III.     Expenses

Defendant has requested that it be reimbursed for certain fees and costs that it incurred as a result of bringing this motion in accordance with Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.  Defendant does not suggest any particular amount or otherwise provide any documentation, in affidavit form or otherwise, for the amount of any such fees and costs it incurred.

Although the Defendant has styled the request as a "Motion to Compel" and seeks recovery of expenses under Rule 37, the motion for an IME is authorized pursuant to Rule 35.  Rule 35 has no provision for the awarding of expenses as requested by the Defendant and Rule

37 does not provide for the reimbursement of costs associated with filing a motion under Rule 35.  *See Barcia* at *3.

Although not specifically referenced by the Defendant, the court does have the inherent authority to sanction under certain circumstances.  In this case, the parties seemingly agreed to the IME, the scope, the examiner, the date and time, and the location.  All of this was done without involvement from the court.

There is nothing, however, to indicate that the parties reached an agreement as to who would be present for the IME.  While the court finds that Defendant's position was proper in the context of a court ordered exam under Rule 35, there is nothing in Rule 35 to suggest that the parties could not have agreed to more restrictive conditions.  In the telephone conference, both parties represented to the court that the presence of third parties during the IME was never discussed.  Clearer communication between the parties regarding the terms of their agreement could have either avoided this dispute, or, if all of the terms of the agreed upon exam were documented and then breached, sanctions would likely be appropriate.  Courts must act with restraint and discretion when exercising such harsh powers.  The court, therefore, concludes that this case does not warrant the use of its sanctioning power.

 For these reasons, no costs or attorneys' fees are awarded at this time.  The Plaintiff is warned, however, that failure to comply with this Order may result in sanctions available under Rule 37 or the court's inherent power, including the awarding of attorneys' fees.

**IV.     Conclusion**

**IT IS ORDERED** that Defendant's Motion to Compel (R. Doc. 21) is **GRANTED.** Plaintiff must submit to an IME as requested by Defendant.  Such IME shall include any questioning and tests that comprise the proposed clinical psychiatric interview and mental status

7

examination by Dr. Thompson that are necessary to reach an opinion about the Plaintiff's mental condition before, during and after her employment with Defendant, the extent of the emotional trauma, if any, she has suffered, whether she continues to suffer any emotional trauma, potential causes of such emotional trauma unrelated to the incidents alleged against Defendant, and whether and to what extent any such emotional trauma may have affected her ability to mitigate her damages. Any non-invasive tests and historical questioning consistent with the scope of the exam as ordered may be conducted. The IME shall take place on **March 26, 2014 at 9:00am** by Dr. Thompson at his office located at Tulane Medical Center in New Orleans, LA, unless another date and time is agreed upon by the parties and consistent with the court's scheduling order.

Signed in Baton Rouge, Louisiana, on March 25, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**